DAVID M. HODGDON *vs.* DORCAS H. CUMMINGS.

Suffolk.    January 23, 24, 1890. — February 28, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Fraudulent Assignment — Probate Appeal — Decree of Single Justice.*

On the issue whether an assignment under seal of an interest in an estate to the administrator by the sole heir at law, an elderly woman, was fraudulent and void because of her mental incapacity, there was no evidence of any active fraud on his part; but there was evidence from letters written by her to him, one about two weeks before the assignment and the other about four months later, that she possessed intelligence, and had a full understanding of the arrangement; that her mental condition had not materially changed since that time; and that there was no relationship between them except that the intestate was her grandson and his ward. *Held,* that the evidence warranted, if it did not require, a finding that she was of sufficient mental capacity to bind herself by the assignment.

KNOWLTON, J.    This is an appeal from a probate decree upon the petition of Dorcas H. Cummings, setting forth that the respondent, David M. Hodgdon, is the administrator of the estate of William C. Hodgdon; that she is the sole heir at law of the intestate; and that she was induced by fraud of the respondent to consent to his retaining one half of the balance of the estate in his hands on the final settlement of his account; and asking that he be ordered to open his account and pay her the one half of that balance which he retained.    The petition was dismissed in the probate court, and the petitioner appealed; and after a hearing before a single justice in this court, and a decree by him dismissing the petition, the case comes before us by a second appeal.

Before the respondent was appointed administrator, the petitioner executed to him an assignment under seal of all her

right, title, and interest in and to one half of said estate, and the question now raised is whether the assignment is fraudulent and void. The evidence reported is very voluminous, and the matters argued by the petitioner are almost entirely matters of fact, upon which it is said that the decision of the single justice was erroneous. The ground on which the petitioner's counsel rest her case is, that she was so weak in mind as to be incapable of making such an agreement; and the evidence introduced in her behalf was directed to the maintenance of this proposition. But it seems to us that the weight of the evidence as to her mental capacity is strongly against the position now taken in her behalf. We have her letter written to the respondent two weeks before the assignment was executed, and another letter written to him a little less than four months later, indicating her intelligence, and showing that she fully understood the arrangement. We have the testimony of some of her own witnesses that her mental condition has not materially changed since she executed the assignment; and in that connection we have an illustration of her intelligence in her reported testimony, given at the call of the respondent, who made her a witness in the case. There is also testimony from many witnesses on both sides, the effect of all of which, taken in connection with the other evidence, was such as to justify, if not to require, a finding that she was of sufficient mental capacity to bind herself by the assignment which she made.

There was no testimony that the respondent was guilty of any active fraud in obtaining the assignment, and he did not stand in a strictly fiduciary relation to her at the time the contract was made. He was guardian of her deceased grandson, William C. Hodgdon, who was a child of her deceased daughter, and he was the administrator of the estate of her grandson's father. Her only relation to him was as heir at law of one to whom he had occupied a relation of trust.

There are facts in the case which make it not improbable that she executed the assignment under a mistaken belief as to her legal rights, and there are circumstances which create a suspicion that the respondent, perhaps without making false assertions, may have so conducted as to justify a decree setting aside the assignment as fraudulent. But so to decide would be to

determine the case on a theory not suggested by the petitioner, and inconsistent with much of her testimony and some of that of her witnesses, as well as contradictory to the testimony of the respondent.

In appeals to the full court from a decree of a single justice in a suit in equity, or in a probate appeal, his decision will not be reversed as to matters of fact, unless it clearly appears to be erroneous. *Slack* v. *Slack*, 123 Mass. 443. *Rau* v. *Von Zedlitz*, 132 Mass. 164.                                        *Decree affirmed.*

*W. Gaston & C. A. Taber*, for Mrs. Cummings.

*A. Hemenway & E. B. Powers*, for Hodgdon.